**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

                                    Case No. 05-CV-74091

v.                                           Case No. 04-CR-80287

BONNE BLACKWELL,

      Defendant.
                                               /

**ORDER DENYING DEFENDANT'S "TITLE 28 U.S.C. § 2255 MOTION/BRIEF TO VACATE SENETNCE [SIC]"**

Pending before the court is Defendant Bonne Blackwell's "Title 28 U.S.C. § 2255 Motion/Brief to Vacate Senetnce [Sic]." For the reasons set forth below, the court will deny Defendant's motion.

**I. BACKGROUND**

On April 14, 2004, Defendant was indicted for possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). On June 17, 2004, Defendant pled guilty to all counts in the indictment pursuant to a Rule 11 plea agreement. The plea agreement provided for a sentencing guideline range of 90-97 months, with an offense level of 17 and a criminal history category of III. The United States Probation Department prepared a Presentence Investigation Report ("PSIR") that calculated Defendant's adjusted offense level at 21 and gave him a Criminal History

Category of IV.  Probation concluded that Defendant's sentencing guideline range was 117 to 131 months imprisonment.

On December 20, 2004, the court sentenced Defendant to 57 months concurrent on counts one and three and 60 months consecutive on count two - - a total sentence of 117 months.

On October 26, 2005, Defendant filed his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The government filed its response on January 23, 2006 and Defendant filed a reply brief on March 20, 2006.

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.  DISCUSSION

In his motion, Defendant makes two claims.  First, he asserts that the court improperly enhanced his sentence based on a mistake in the PSIR.  Second, he contends that his counsel was ineffective because he did not bring the defect in the

PSIR to Defendant's or the court's attention.

### A. Enhancement of Sentence

Defendant first argues that the court improperly enhanced his sentence based on a PSIR entry that incorrectly stated that Defendant was confined for 30 days as a result of a traffic citation. (Def.'s Mot. at 1; Def.'s Reply at 3.)

As an initial matter, § 2255 provides for the redress of jurisdictional and constitutional errors. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). If a habeas petition fails to allege "a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited. The [Supreme] Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (citations omitted). Moreover, the Sixth Circuit has held that "[a] brief consideration of the policy underlying collateral review demonstrates that nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

First, for the reasons which will be discussed in subpart III. B., *infra*, the court is not persuaded that the 30 day confinement calculation was erroneous. Second, even if it were erroneous, the court's offense level and criminal history calculation resulted from more than just the consideration of the 30 day confinement. Moreover, Defendant did not object to this purported error and has thus waived any objection to the guideline calculation. Finally, even if one were to assume that the court relied entirely on an error in the calculation of the criminal history category in the PSIR, such an error would not

3

be a "fundamental defect which inherently results in a complete miscarriage of justice" as required for the court to vacate, set aside, or correct his sentence. *Addonizio*, 442 U.S. at 185.

### B.  Ineffective Assistance of Counsel

Defendant also argues that his counsel was ineffective for failing to bring to Defendant's or the court's attention purported "defects . . . in the PSI[R] which caused th[e] . . . [c]ourt to illegally enhance [his] sentence based on 'false and erroneous information.'" (Def.'s Mot. at 4.)

In order to successfully prove a claim for ineffective assistance of counsel, Defendant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged.  *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance").  It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.

In the instant case, the Probation Department indicated that Defendant "on October 25, 2003, appeared in 43rd District Court, pled guilty, and was sentenced to 30 days jail by Judge Keith P. Hunt."  (*See* PSIR at 8.)  Defendant has attached to his reply brief a printout of his sentence which reflects that he was required to pay a $150.00 fine *and* also lists the number 30 after the entry for "jail."  (Def.'s Reply at Ex. 1.)  Defendant

4

argues inexplicably, however, that this document proves that he did not serve a 30 day prison sentence.  In sum, Defendant has not made a showing that he was not sentenced to 30 days in jail by Judge Keith P. Hunt nor that his counsel was ineffective for failing to argue a point that the document he submitted reflects to be true.  See *Ross v. United States*, 339 F.3d 483, 494 (6th Cir. 2003) (holding that "[a]n allegation entirely unsupported by the record cannot meet the prejudice component of the *Strickland* inquiry.")  Accordingly, the court will deny Defendant's motion.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's "Title 28 U.S.C. §2255 Motion/Brief to Vacate Senetnce [Sic]" [Dkt. #18] is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 14, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 14, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\04-80287.05-74091.BLACKWELL.Denying2255.wpd